Dong v GTV Media Group., Inc. (2024 NY Slip Op 00399)

Dong v GTV Media Group., Inc.

2024 NY Slip Op 00399

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 652190/21 Appeal No. 1552 Case No. 2023-00202 

[*1]Zhengjun Dong, et al., Plaintiffs-Respondents,
v
GTV Media Group., Inc. et al., Defendants, G-Club Operations LLC, Nonparty-Appellant.

Weddle Law PLLC, New York (Brian M. Witthuhn of counsel), for appellant.
HGT Law, New York (Joo Yun Kim of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 3, 2023, which, to the extent appealed from, denied nonparty G-Club Operations LLC's motion to quash the subpoena served by plaintiffs, unanimously affirmed, with costs.
Plaintiffs' subpoena states that they seek documents material and necessary to establish their allegations that defendants GTV Media Group, Inc. and Saraca Media Group, Inc., as well as Wengui Guo, violated sections 5 and 12(a)(1) of the Securities Act of 1933 (15 USC §§ 77e; 77l) in soliciting investments in GTV securities through memberships in G-Club. G-Club failed to demonstrate that the disclosure sought is "utterly irrelevant" (see Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 112 [1st Dept 2006]). Contrary to G-Club's position, Section 12 liability is not limited to those who actually transfer title but also includes solicitation (Pinter v Dahl, 486 US 622, 647 [1988]; see also Silva Run Worldwide Ltd. v Gaming Lottery Corp., 1998 WL 167330, *8, 1998 US Dist LEXIS 4699, *17 [SD NY April 8, 1998, 96CV3231 (RPP)]).
G-Club's reliance on clauses in its membership agreement requiring arbitration and waiving class actions is irrelevant because in this action plaintiffs are not suing G-Club for the sale of the memberships. Nor does the disclaimer conclusively establish that defendants did not solicit investments in GTV through G-Club memberships or otherwise foreclose defendants' potential Securities Act liability (15 USC § 77n).
We have considered G-Club's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024